UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FEAGINS, et al.,  )<br>   )<br>         Plaintiffs,  )<br>   vs.    ) | Case No.: 2:11-cv-01121-GMN-GWF |
|   )<br>THE TRUMP ORGANIZATION, et al.,  )<br>   )<br>         Defendants.  )<br>   ) | **ORDER** |

Before the Court is a Demand for Cost Bond (ECF No. 4) pursuant to Nevada Revised Statutes 18.130, filed by Defendant Trump Ruffin Tower I, LLC ("Trump Ruffin"), erroneously sued as The Trump Organization, Trump Ruffin Commercial LLC, and Trump International Hotel & Tower – Las Vegas Unit Owners Association[1]. Also before the Court, is a Motion to Strike Plaintiffs' Prayer for Punitive or Exemplary Damages Pursuant to FRCP 12(f) (ECF No. 5), filed by Defendant Trump Ruffin. As well as a Motion to Dismiss (ECF No. 16) filed by Defendant Otis Elevator Company.

## I.   BACKGROUND

Plaintiffs filed the instant personal injury complaint in the Eighth Judicial District Court, Clark County, Nevada, on May 9, 2011. (ECF No. 1.) Plaintiffs allege that they suffered when they were trapped inside an elevator at the Trump Hotel International Las Vegas that went into free fall for twenty stories. (*Id.*) This case was removed on July 7, 2011, but before removal Defendant Otis Elevator Company served Plaintiffs with a demand for security for costs pursuant to NRS 18.130. Upon removal, Defendant Trump Ruffin filed its demand (ECF No. 4).

---

[1] Plaintiffs do not concede that Defendant The Trump Organization was erroneously named in this action instead of Trump Ruffin. (*See* Pls.' Response to Motion to Strike, 2:2 n.1, ECF No. 11.) However, since Plaintiffs accept Trump Ruffin's appearance "as a voluntarily appearing Doe, or Unnamed, Defendant in order to dispose of the motion[s] on the merits," the Court will do so as well.

## II. LEGAL STANDARD

Under Nevada law, "[w]hen a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant." NRS 18.130(1).  "[W]hen so required, all proceedings in the action shall be stayed until such an undertaking . . . be filed with the clerk . . . ." *Id*.  "After the lapse of 30 days from the service of notice that security is required . . . upon proof thereof, and that no undertaking as required has been filed, the court or judge may order the action to be dismissed." NRS 18.130(4).

It is the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS 18.130 in diversity actions. *Hamar v. Hyatt Corp.*, 98 F.R.D. 305, 305-306 (D. Nev. 1983); *Arrambide v. St. Mary's Hosp., Inc.*, 647 F.Supp. 1148, 1149 (D. Nev. 1986).

Each plaintiff is required to provide security in the amount of $500 per defendant, pursuant to NRS 18.130. *Truck Ins. Exchange v. Tetzlaff*, 683 F.Supp. 223, 227 (D. Nev. 1988). However, an indigent plaintiff need not provide security under NRS 18.130. *Id.* (citing *Arrambide*, 647 F.Supp. 1148 (D. Nev. 1986)).  If a plaintiff "is in fact indigent, he must demonstrate this in detail by affidavit." *Arrambide*, 647 F.Supp. at 1149.

## III. DISCUSSION

Here, Plaintiffs have not provided security as required by NRS 18.130.  Plaintiffs' arguments that Defendants have waived or are estopped from enforcing the security requirement are unavailing, and they cite no case law that supports this argument where Defendants' demands for security were timely filed.  However, Plaintiffs have also alleged that they are indigent and are therefore not required to post a bond.  The Court finds that Plaintiffs' affidavits are not sufficiently detailed to establish their indigent status.  Accordingly, by **April 2, 2012**, Plaintiffs are directed to either pay the required security or file a motion before this Court requesting leave to proceed in forma pauperis pursuant to Local Rule of Special Proceedings and Appeals 1-1.

Pending resolution of this issue, the case will be stayed, other pending motions will be denied without prejudice, and the parties will be given leave to re-file the motions upon lifting of the stay.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion Demanding Security of Costs (ECF No. 4) is **GRANTED**.  **IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 16) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 5) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that this case is **STAYED** pending Plaintiffs' compliance with the provisions of NRS 18.130, or upon further order of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until **April 2, 2012** to either file a motion requesting in forma pauperis status which is in compliance with Local Rule of Special Proceedings and Appeals 1-1, or to submit a bond pursuant to NRS 18.130 in the amount of $500.00 per defendant from each plaintiff.  Failure to do so **by Monday, April 2, 2012,** shall constitute grounds for dismissal of the complaint.

DATED this 19th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge