**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| KEVIN FEAGINS; YOLANDA FEAGINS; KEVIN FEAGINS, JR.; JOSHUA FEAGINS; ANDRE FEAGINS; JONATHAN FEAGINS, | ) ) ) | Case No.: 2:11-cv-01121-GMN-GWF |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| THE TRUMP ORGANIZATION; TRUMP RUFFIN TOWER I, LLC; TRUMP RUFFIN COMMERCIAL LLC; TRUMP INTERNATIONAL HOTEL & TOWER – LAS VEGAS UNIT OWNERS ASSOCIATION; OTIS ELEVATOR COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court is Plaintiffs' "Objections to Magistrate [Judge]'s Denial of Plaintiff's [sic] Motion to Extend Discovery (Second Request)" (ECF No. 60).  Defendants filed Responses (ECF Nos. 61, 62), and Plaintiffs filed a Reply (ECF No. 63).

I.      **BACKGROUND**

On March 19, 2012, the Court ordered that "this case is STAYED pending Plaintiffs' compliance with the provisions of NRS 18.130, or upon further order of the Court." (ECF No. 29.)  On May 7, 2012, the Court's Order stated "that the stay imposed by the Court on March 19, 2012 (Order, ECF No. 29) is now LIFTED.  This action shall return to the normal litigation track.  Case stay lifted." (ECF No. 40.)

One month later on June 27, 2012 discovery closed and dispositive motions were due July 27, 2012; however, Plaintiffs did not file a Motion to Extend Discovery (ECF No. 46) until

/ / /

/ / /

1   August 10, 2012.[1].

2   After a hearing, United States Magistrate Judge George W. Foley denied Plaintiffs'

3   motion. (ECF Nos. 55, 58.)  In the briefs and at the hearing, Plaintiffs argued that the stay

4   issued by this court:

5   countermanded and rendered moot the Order to extend discovery entered

6   on January 18, 2012, requiring a new order extending discovery, because

7   some of the deadlines (expert witness disclosure on and the last day to

8   amend pleadings or add parties on April 27, 2012) could not be complied

9   with unless the stay order was violated.  Additionally other deadlines had

10   been frustrated to timely complete.

11   (Mot. to Extend Discovery, 3:22-27, ECF No. 46.)

12   ## II.    LEGAL STANDARD

13   Pursuant to 28 U.S.C. § 636(b)(1)(A), District of Nevada Local Rule of Practice IB 3-1

14   provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate

15   judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the

16   magistrate judge's ruling is clearly erroneous or contrary to law." D. Nev. R. IB 3-1(a).  The

17   Court may accept, reject, or modify, in whole or in part, the findings or recommendations made

18   by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

19   ## III.    DISCUSSION

20   Defendants argue that the Court's Order (ECF No. 29) staying the case did not state that

21   the discovery deadlines were altered; therefore, the deadlines remained as previously ordered.

22   Defendants also point out that discovery was open for eight months prior to the stay, and that

23   the stay was in effect for only six weeks, after which Plaintiffs had an additional seven and a

24

25   [1] Plaintiffs had previously stipulated to an extension of the discovery deadlines on January 18, 2012, and the deadlines were extended as follows: expert witness disclosure due by April 27, 2012; rebuttal expert witness disclosure due by May 28, 2012; discovery due by June 27, 2012; dispositive motions due by July 27, 2012; proposed joint pretrial order due by August 27, 2012. (ECF Nos. 25, 26.)

1 half weeks to pursue discovery or to request an extension of time.  At the hearing on the

2 motion, Judge Foley found that the discovery plan was not voided by the stay, and that

3 Plaintiffs could not demonstrate excusable neglect for failing to conduct discovery during the

4 period the stay was not in place, and for failing to timely request an extension of the discovery

5 deadlines.

6 For the reasons discussed above, and for the reasons articulated by Judge Foley during

7 the hearing (ECF Nos. 55, 58), the Court finds that regardless whether the stay affected the

8 ability of the parties to conduct discovery, Judge Foley's ruling is not clearly erroneous or

9 contrary to law because there was no timely request of the extension of the discovery deadlines.

10 Therefore, the Court finds no basis to set aside Judge Foley's ruling on Plaintiffs' Second

11 Motion to Extend Discovery (ECF No. 46).  Accordingly, Plaintiffs' Objection (ECF No. 60)

12 will be denied.

13 **IV.    CONCLUSION**

14 **IT IS HEREBY ORDERED** that Plaintiffs' Objection (ECF No. 60) is **DENIED**.

15 **DATED** this 19th day of October, 2012.

16

17

18 _____
Gloria M. Navarro
United States District Judge

19

20

21

22

23

24

25