BRADLEY PAUL ELLEY, ESQ.
Nevada Bar No. 658
120 Country Club Drive, Suite 5
Incline Village, NV  89451
Telephone:  (775) 831-8800
Attorney for Plaintiffs
email: bpelleylaw@sbcglobal.net

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FEAGINS, YOLANDA FEAGINS, KEVIN FEAGINS JR, a Minor, JOSHUA FEAGINS, a Minor, ANDRE FEAGINS, a Minor, and JONATHAN FEAGINS, a Minor, by and through their parents, KEVIN FEAGINS and YOLANDA FEAGINS  ) ) ) ) ) ) ) ) | Case No. 2:11-cv-01121-GMN-GWF |

Plaintiffs,

    vs.

THE TRUMP ORGANIZATION, a foreign corporation, TRUMP RUFFIN COMMERCIAL LLC, a foreign limited liability company, TRUMP INTERNATIONAL HOTEL & TOWER-LAS VEGAS UNIT OWNERS ASSOCIATION, a Nevada non-profit corporation, OTIS ELEVATOR COMPANY a foreign corporation, and DOES I through XXX, inclusive,

                            Defendants.

_____

## PLAINTIFFS' MOTION FOR SANCTIONS

       Plaintiffs herein by and through their attorney of record, Bradley Paul Elley, Esq., pursuant to

Local Rule 4-1 and the court' inherent powers hereby move for sanctions against Defendants and

their counsel in the form of striking of Defendants' Answers to the Complaint and deeming the

1

allegations of the Complaint to be admitted, and for reasonable attorneys fees and costs against the appearing defendants, their counsel, Rebecca L. Mastrangelo, Esq., of Rogers, Mastrangelo, Carvalho & Mitchell and Josh Cole Aicklen, Esq. of Lewis Brisbois Bisgaard & Smith LLP and such flaw firms in bringing this motion, in an amount to be proven later.

The Motion is made and based upon the following Memorandum of Points and Authorities, the pleadings and papers on file in this matter, as well as upon any oral argument the court may entertain at the hearing on this Motion.

Dated:  October 29, 2012.

/s/ Bradley Paul Elley
BRADLEY PAUL ELLEY, ESQ.
Nevada Bar No. 658
120 Country Club Drive, Suite 5
Incline Village, NV  89451
Telephone:  (775) 831-8800
Attorney for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiffs filed their personal injury complaint in the Eighth Judicial District Court, Clark County, Nevada on May 9, 2011 arising from their horrifying experience in an elevator at the Trump Hotel International Las Vegas occurring on May 13, 2009.  On June 30, 2011, Plaintiffs were served Defendant Otis Elevator Company's (hereinafter "Otis") demand for security for costs pursuant to NRS 18.130.

On July 7, 2011, Defendant Trump Ruffin Tower I, LLC (hereinafter "Trump Ruffin") instead of adhering to the stay of all proceedings required by NRS 18.130 (1) pending the posting of the

demanded security demanded by Otis or the lapse of 30 days, filed in the state court action its Notice of Removal and served it upon Plaintiffs and Otis.  Trump Ruffin also filed on July 7, 2011 the Petition for Removal in this court (*Document 1*), its Motion to Strike Plaintiffs' Prayer for Punitive or Exemplary Damages Pursuant to FRCP 12(F) (*Document 5*), its own demand for costs bond, (*Document 4*) certificate of interested parties (*Document 3*), and their statement concerning removal (diversity) (*Document 2*).

Next, Otis on July 7, 2011 ignored the automatic stay joined in Trump Ruffin's aforesaid motion to strike Plaintiffs' punitive damages claim for relief.  (*Document 9*).  Due to the intentional waiver by the demanding defendants of the automatic stay in effect caused by at least one of the demands to post the security, Plaintiffs filed and served their opposition to such motion to strike punitive damages on July 25, 2011(*Document 11*).  On August 3, 2011, Trump Ruffin and Otis filed their separate replies to Plaintiffs' opposition to such motion (*Documents 13 & 14, respectively*).

On August 26, 2011 Otis filed its motion to dismiss for the alleged failure to comply with the demand for security (*Document 16* ) and on August 29th Trump Ruffin, TR Commercial, and Owners Association (hereinafter "Trump defendants") filed and served their joinder to such motion (*Document 17*), never explaining their excuse for failing to adhere to the stay provided by the same nonresident security statute, NRS 18.130.

The court entered an order on March 19, 2012 granting the Motion Demanding Security of Costs, denying without prejudice the Motion to Dismiss and the Motion to Strike.  Most important for this motion for sanctions, the court ordered the entire case **stayed** pending Plaintiffs' compliance with the provisions of NRS 18.130, or upon further order of the court (*Document 29*).   That further order was entered on May 7, 2012, when the Honorable Gloria M. Navarro lifted the stay, stating: "IT IS HEREBY ORDERED that the stay imposed by the Court on March 19, 2012 (Order, ECF No. 29) is

now LIFTED.  This action shall return to the normal litigation track.  Case stay lifted." (*Document 40*).  Thus, there was no mention that the remainder of the countermanded scheduling order remained in effect or that the stay was lifted retroactively so that it could only be presumed that the parties needed to cooperate with obtaining the new scheduling order so that the interim status report could be filed, and that Defendants needed to answer the Complaint in a timely manner.  It was impossible to comply with the January 19, 2012 scheduling order (*Document 26*) as written.

Plaintiffs decided not to seek their intended remand to state court and allowed such 30 day deadline to file such motion to expire.  Instead, Plaintiffs filed their motion to extend discovery (*Document 46*) and contended that such stay order countermanded and rendered moot the order to extend discovery entered on January 19, 2012, requiring a new order extending discovery, because some of the deadlines (expert witness disclosure on and the last day to amend pleadings or add parties on April 27, 2012) and the Interim Status Report filing deadline of April 27, 2012 per Local Rule 26-3 were impossible to comply with unless the stay order was violated.  Additionally other deadlines had been frustrated to timely complete.

All of the appearing defendants instead of complying with such order willfully disobeyed the lift stay order by instead of answering the Complaint allowed themselves to become in default in May, 2012, resulting in Plaintiffs eventually demanding that they have their answers on file and cooperate with Plaintiffs in obtaining a new scheduling order so that the parties could comply with the Local Rule 26-3 mandate to file the interim status report (See Attachments #s 1, 2, & 3 (Exhibits A, B, & C) of *Document 49*).

.  Otis contemporaneously filed with its Answer its Motion for Summary Judgment (*Document 44*) and the Trump defendants filed their joinder to such motion on July 25, 2012 (*Document 45*).  All of these defendants claim in the pending motion for summary judgment that discovery has been completed by virtue of what was believed by Plaintiffs to be the countermanded January 19, 2012

scheduling order, Defendants abject failure to comply with same, and their opposition to Plaintiffs

efforts to enable the parties to file an interim status report, notwithstanding.  Plaintiffs were unable to

enlist Defendants' cooperation in obtaining a stipulation to extend discovery, and therefore, the

motion to extend discovery was brought after three of the Trump defendants filed their answers to the

Complaint (*Document 41*) and Otis filed its answer (*Document 43*) on July 20, 2012, after being in

default and in violation of the lift stay order for almost two months.  After the respective oppositions

were filed by the Trump defendants and Otis on August 14, 2012 (*Documents 49 & 50*) the reply to

such oppositions was filed on August 23, 2012 (*Document 54*), never addressing in their oppositions

any excuse for their contemptuous conduct for violation of such lift stay order.

　　　　The Honorable George Foley, Jr., U. S. Magistrate presided at the hearing on August 24, 2012

in which Plaintiffs' motion was denied (*Document 55*).  The transcript of the proceedings was filed

on August 30, 2012 (*Document 58*).  Such transcript discloses the obvious fact in accordance with the

ruling supported by Defendants that Defendants were obligated to cooperate with Plaintiffs to file the

60 day joint interim status report pursuant to Local Rule 26-3.  The pertinent transcript passage on

page 19, lines 9-24.  referring to such rule states:

```
9     MR. ELLEY   ... I don't know why the defense is being given –
10    Being given a  -- a free pass on this –
11    THE COURT: What –
12    MR. ELLEY:  -- Your Honor.
13    THE COURT: -- what joint status report are you referring to?  I'm trying to
      look for it.  Just
14    so I understand what --
15    what –
16    MR. ELLEY:  It's  --
17    THE COURT: -- what the argument –
18    MR. ELLEY:  -- it's the one that says 60 days before
19    discovery closes you need to file this interim status report.
20    Um…
21    THE COURT: Well, I think that's a – an obligation
22    on  -- on both parties.
23    MR. ELLEY:  Yes, it is your Honor.
```

24      THE COURT: Yeah.   Right.

25      MR ELLEY:   Absolutely.

Therefore, Defendants were already put on notice by this Court that they needed to comply with the lift stay order, but Defendants did nothing to purge such contemptuous failure to comply.

On September 9, 2012, Plaintiffs' Objections to Denial of Plaintiffs' Motion to Extend Discovery (Second Request) was filed (*Document 60*).

On October 4, 2012, Plaintiffs' Reply to Opposition/Response of Defendants to Plaintiffs' Objections to Magistrate's Denial of Plaintiffs' Motion to Extend Discovery (Second Request) was filed (*Document 63*) in response to Defendant Otis Elevator's (*Document 61*) and the Trump Defendants' (*Document 62*) September 24, 2012 Oppositions to Plaintiff's' Objections to Magistrate's Denial of Plaintiffs' Motion to Extend Discovery (Second Request) (*Document 60*). Such Oppositions again failed to address any excuse for Defendants contemptuous conduct, despite being put on notice to comply with the mandate to file the interim status report a month earlier.

On October 19, 2012 the order denying Plaintiffs' aforesaid objections was filed (*Document 65*).

Defendants have steadfastly maintained in their oppositions to Plaintiffs' attempts to obtain additional discovery that the Order lifting the stay required the Plaintiffs to proceed with discovery by requesting such an extension in a timely manner within the three weeks before Defendants defaulted and disobeyed the lift stay order in May, 2007.  Defendants have remained silent in their conduct and in their written oppositions about their obligations mandated by the same lift stay order to themselves proceed with the litigation by filing a timely response to the complaint in May, 2012, rather than July after Plaintiffs' demand that they do so and by timely compliance with the filing of the required joint interim status report, which Defendants have to this day ignored as well.  Defendants have relied on

the same lift stay order to oppose and prevent Plaintiffs' pursuing further discovery and extending the deadline for the filing of the missing interim status report, believing that they can ignore the mandates of the lift stay order applying to them.

Defendants cannot have it both ways:  they cannot obtain the spoils of their opposition to Plaintiffs' efforts to obtain discovery and to comply with the filing of the joint interim status report but at the same time fail to be accountable for their contemptuous violation of the lift stay order and the consequent sanctions for such willful bad faith conduct in violating such lift stay order by their noncompliance resulting in their default, and Defendants' refusal to file the joint interim status report and their continued failure to cooperate to attempt to file same and avoid sanctions for such lack of cooperation, especially after being ordered to proceed.  Therefore, this motion seeks appropriate sanctions by striking the answer to the complaint, having all allegations of the Complaint be deemed admitted, and obtaining costs and attorneys fees for having to seek such sanctions.

## II.

### OBEDIENCE TO THE ORDER LIFTING THE STAY REQUIRED THAT THE ANSWERS TO PLAINTIFFS' COMPLAINT BE TIMELY FILED IN MAY, NOT JULY

The May 7, 2012 order lifting the stay and further ordered the return to action returned "to the normal litigation track".  The normal litigation track required that they file their respective answers or responses to the complaint at most within 21 days after the order was lifted on May 7, 2012 or they were in default, FRCP 12. All of these appearing Defendants violated this lift stay order to return to the litigation track by the timely filing of their answers last May, but have yet to offer any explanation for such contemptuous conduct especially after being admonished to do so by the undersigned counsel's July, 2012 demand for same (See Attachments #s 1, 2, & 3 (Exhibits A, B, & C) of *Document 49*).

///

///

**III.**

**OBEDIENCE TO THE ORDER LIFTING THE STAY REQUIRED THAT DEFENDANTS COUNSEL COOPERATE WITH PLAINTIFF IN SEEKING COMPLIANCE IN FILIING THE INTERIM STATUS REPORT, WHICH THEY STILL HAVE NOT DONE**

Local Rule of Practice for the United States District Court for the District of Nevada Rule 1I 26-3 pertains to interim status reports and states:

> Not later than sixty (60) days before the discovery cut-off, the parties shall submit an interim status report stating the time they estimate will be required for trial, giving three (3) alternative available trial dates, and stating whether, in the opinion of counsel who will try the case, trial will be eliminated or its length affected by substantive motions. This status report shall be signed by counsel for each party or the party, if appearing in *pro se*.

Once the stay order issued on March 19, 2012 and because it was not lifted until May 7th the joint interim status report could not be filed by its deadline date on April 27th.  Although Plaintiffs attempted to comply by obtaining a new discovery deadline which would have enabled compliance possible and admonished Defendants that they needed to do so, Defendants' respective counsel have remained resolute refusing to allow any extended discovery deadline by stipulation, and Plaintiffs' formally requested discovery extension by the above-described motion to extend discovery and the objections to the ruling denying such objections.  Plaintiffs' undersigned counsel has sought such discovery extension and concomitant interim status report extension so that he could comply with this local rule.  Defendants' respective counsel, on the other hand, have yet to offer up any excuse for such compliance failure, despite being challenged to do so by the undersigned counsel and being told to do so by Judge Foley.  Defendants have therefore, willfully and in bad faith refused to comply with this local rule.

Plaintiffs' position differs from that of Defendants.  Plaintiffs contended that the underlying

scheduling order deadline had been countermanded, and therefore, required a new scheduling order,

This argument relied upon the decision in *In re Transamerica Corp.*, 184 F.2d 319 (9th cir. 1950),

*cert.* denied 340 U.S. 883, 71 S.Ct 197 (1950), wherein it was explained that obedience to a

injunctive order restraining certain conduct necessarily countermanded or reversed previous orders

that they had been told to do, *Id.* at 322.  Plaintiffs also argued that the stay order in this action was

no less of a countermanding or reversal of such scheduling order otherwise in effect and a new

scheduling order is needed, despite Defendants' lack of cooperation.  Defendants denied such new

order was required, tacitly admitting that they intentionally have ignored their obligation to file the

interim status report.  They remain unrepentant in such contempt, with the result that Plaintiffs still

are unable to file this mandated "joint" interim status report.


## IV.

## DEFENDANTS WILLFUL, BAD FAITH CONDUCT DESERVES SEVERE SANCTIONS IN ACCORDANCE WITH LOCAL RULE 4-1

Local Rule of Practice for the United States District Court for the District of Nevada Rule 1A

4-1 states in pertinent part:

**LR IA 4-1. SANCTIONS.**

The Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing *in pro se* who, without just cause: …
(c) Fails to comply with these Rules; or,
(d) Fails to comply with any order of this Court.

It appears to be undisputed that Defendants attorneys can be sanctioned for violation of this

local rule by their failure to comply with the lift stay order of this Court.  The Honorable Gloria M.

Navarro has recently indicated that sanctions pursuant to such rule may also be levied against a party for the conduct of its attorney or if appearing pro se.  Referring to the failure to of a pro se plaintiff to comply with an order of this Court she stated:  "The Court may also impose appropriate sanctions on a party for failure to comply with an order of the court.  D. Nev. R. IA 4- 1."  *Coleman v. American Home Mortgage Serving, Inc.*, 2012 WL2978838 (D.Nev.).

These violations by Defendants are no coincidence, as they appear to have been done in a concerted, calculated manner giving rise to transgressions of law including criminal contempt, combination to resist process, and conspiracy.  Criminal contempt, NRS 199.340, states in pertinent part:  "Every person who shall commit a contempt of court of any one of the following kinds shall be guilty of a misdemeanor:  … 4.  Willful disobedience to the lawful process or mandate of a court; …."

In their zeal to game Plaintiffs in order to deny Plaintiffs' the right to utilize their expert witness and to obtain additional discovery Defendants' willful disobedience to lift stay order's mandate to file their answers to the complaint is an act of criminal contempt and deserves to be punished accordingly.

Combination to resist process, NRS 199.410 applies when there is more than one offending party.  It states:  "Every person who shall enter into a combination with another to resist the execution of any legal process or other mandate of a court of competent jurisdiction, under circumstances not amounting to a riot, shall be guilty of a gross misdemeanor."  That this mandate has been resisted by Otis and the Trump defendants cannot be disputed, especially since they have all failed to file timely answers and have joined in the oppositions to Plaintiffs efforts to comply with Local rule 26-3, even after being told by Judge Foley that they need to comply.

Criminal conspiracy, NRS 199.480 states in pertinent part:

3.  Whenever two or more persons conspire:
  (f) To commit any act … for the perversion or corruption of public justice or the due administration of the law; or

  (g) To accomplish any criminal or unlawful purpose, or to accomplish a purpose, not in itself criminal or unlawful, by criminal or unlawful means,
each person is guilty of a gross misdemeanor.


Defendants have conspired to corrupt the public justice or the due administration of the law to accomplish the prevention of further discovery by Plaintiffs with the intent to avoid Plaintiffs' trial on the merits, even though the means by which Defendants seek to further this conspiracy required that they willfully and in bad faith disobey the lift stay order mandates to timely file their answer and to comply with the requirement to file the joint interim status report.  Defendants need to be appropriately sanctioned by striking their answers to the Complaint, having the allegations of the Complaint be deemed admitted, and paying sanctions for Plaintiffs having to bring this motion.

To do nothing would be allowing Defendants' criminal conduct and willful disobedience of the lift stay order and corrupting the public justice to be rewarded.


**V.**

**DEFENDANTS WILLFUL, BAD FAITH CONDUCT DESERVES SEVERE SANCTIONS IN ACCORDANCE WITH THE COURT'S INHERENT POWERS**

The United States District Courts have the power to sanction under their inherent court powers, not only for bad faith, but also for willfulness or fault by the offending party, *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988).  The failure to comply with discovery orders and a court order for filing briefs is sanctionable under the court's inherent powers, being tantamount to bad faith, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). "Courts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in court

to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."
*Unigard Security. Insurance Co. v. Lakewood Engineering & Manufacturing Corp.* 982 F.2d 363, 368 (9th Cir.1992). Courts possess the inherent power to impose attorneys' fees against counsel for "bad faith litigation or willful disobedience of court rules or orders." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1482 (9th Cir. 1989). The court must make an explicit finding of bad faith or willful misconduct before imposing sanctions under its inherent sanctioning authority, *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir.2009). A variety of sanctions can be imposed and even include the award of compensatory damages against the defendant for the failure of the defendant's offending attorneys to submit to lawful mandates, *B.K.B. v. Maui Police Dep't.*, 276 F.3d 1091, 1108 (9th Cir.2002).

If all of the bad faith conduct is not capable of being adequately sanctioned under statutes or court rules the court may safely rely on its inherent powers to do so. It is not necessary for a court first to apply rules and statutes containing sanctioning provisions to discrete occurrences before invoking its inherent powers to redress remaining instances of sanctionable conduct, especially if the rules and statutes are not "up to the task", *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 51 (1991).

Plaintiffs could easily have filed the motion to extend discovery by the June 27, 2012 discovery deadline if not by stipulation, so there never would have been the issue of whether the January 19, 2012 scheduling order had been countermanded, requiring an entirely new scheduling order, as Plaintiffs contended, or it was still capable of performing with modifications as Defendants have successfully contended, even though they have admitted their contemptuous conduct in the process. Plaintiffs have been prejudiced in their efforts to oppose the summary judgment and to proceed with trial thereafter. Defendants should not be allowed to obtain any litigation advantage by their contemptuous, willful, bad faith conduct. To not levy the severe sanctions requested would only encourage this kind of conduct in the future and reward Defendants instead of punish them.

By analogy, the failure to obey an order compelling discovery provides for sanctions pursuant to Federal Rule of Civil Procedure Rule 37(b) (2) (A).  The sanctions include a non-exhaustive list, including the striking of an answer and deeming an issue admitted, and awarding attorneys fees and costs.  This Court's inherent plenary powers are far greater such that at least the requested sanctions should be levied.

**CONCLUSION**

This motion for sanctions striking the answers to and deeming the allegations of the Complaint admitted should be granted and attorneys fees and costs should be awarded.  Defendants willfully and in bad faith disobeyed the lift stay order by refusing to timely answer the Complaint. They also opposed Plaintiffs' efforts to seek extension of the discovery deadline to enable both Plaintiffs and Defendants to comply with Local Rule 26-3 by filing the mandated joint interim status report.  Even after being put on notice by U.S. Magistrate Judge Foley that Defendants were obligated to file such status report they have contemptuously continued to oppose such efforts.

Dated:  October 29, 2012.


/s/ Bradley Paul Elley
BRADLEY PAUL ELLEY, ESQ.
Nevada Bar No. 658
120 Country Club Drive, Suite 5
Incline Village, NV  89451
Telephone:  (775) 831-8800
Attorney for Plaintiffs

1

## CERTIFICATE OF SERVICE

2

3         Pursuant to FRCP 5(b), I hereby certify that I am an employee of the office of Bradley Paul

4    Elley, Esq. and that, on October 29, 2012, a true and correct copy of **PLAINTIFFS' MOTION FOR**

5    **SANCTIONS** was served via the United States District Court CM/ECF system and a copy was sent

6    by electronic notice to the following:

7

8
                                    Josh Cole Aicklen, Esq.
9                                   David B. Avakian, Esq.
                              Lewis Brisbois Bisgaard & Smith LLP
10                               6385 S. Rainbow Blvd., Ste. 600
                                    Las Vegas,  NV  89118
11

12         Attorneys for Defendant Trump Ruffin Tower I, LLC, Trump Ruffin Commercial LLC, and
                     Trump International Hotel & Tower-Las Vegas Unit Owners Association
13

14
                                  Rebecca L. Mastrangelo, Esq.
15                           Rogers, Mastrangelo, Carvalho & Mitchell
                                  300 South Fourth Street, Ste 710
16                                   Las Vegas,  NV  89101

17
                          Attorneys for Defendant Otis Elevator Company
18

19

20         DATED:  October 29, 2012.

21

22                                                  /s/ Elizabeth Lintner
23                                                  ELIZABETH LINTNER

24

25

26

27

28