# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

KEVIN FEAGINS, *et al.*,

    Plaintiffs,

vs.

THE TRUMP ORGANIZATION, *et al.*,

    Defendants.

Case No.  2:11-cv-01121-GMN-GWF

**ORDER**

Motion for Sanctions (#67)

    Presently before the Court is Plaintiffs' Motion for Sanctions (#67), filed on October 29, 2012.  Defendants Trump Ruffin ("Trump") and Otis Elevator ("Otis") filed separate timely Oppositions (#68, #69) on November 14, 2012.  Plaintiff filed a timely Reply (#70) on November 26, 2012.

    This litigation arises out of an injury alleged to have occurred in a malfunctioning elevator at the Trump Hotel in Las Vegas.  The Court entered a Scheduling Order (#24) on October 4, 2011, setting the discovery cutoff for March 28, 2012.  Pursuant to the parties' Stipulation (#25), the Court extended the discovery cutoff to June 27, 2012 (#26).  The District Court subsequently stayed this matter on March 19, 2012 (#29), pending either Plaintiffs' satisfaction of Trump's Motion for Security Bond (#4) or application to proceed in forma pauperis.  The Court granted Plaintiffs' in forma pauperis request on May 4, 2012 (#39), and the District Court lifted the stay on May 5, 2012 (#40).  Under the Court's Scheduling Order (#26), the Interim Status Report ("ISR") was due April 27, 2012.  On August 10, 2012, after the stay was lifted, Plaintiffs filed a Motion (#46) to extend the discovery cutoff.  The Court conducted a hearing on the Motion (#46) on August 24 2012, at which it was denied (#55).  Plaintiffs filed a Motion for Reconsideration (#60), which the Court denied on October 19, 2012 (#65).

Plaintiffs now move for sanctions, claiming Defendants' failure to submit an ISR and refusal to stipulate to Plaintiffs' Motion (#46) to extend discovery was in bad faith. A court may levy sanctions under its inherent power when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fink v. Gomez*, 239 F.3d 989, 989 (9th Cir.2001) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). "[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith." *Id*. at 994.

The Court finds Defendants have not acted in bad faith. Because this matter was stayed on on the ISR's due date, an ISR could not be filed. When the District Court lifted the stay (#39), this case returned to "the normal litigation track." No new schedule or deadline for the ISR were entered. Both Trump and Otis represent to the Court that Plaintiffs did not attempt to confer regarding a proposed ISR after the stay was lifted, and Plaintiffs themselves have not filed an ISR.

Furthermore, both parties' failure to file an ISR has had no prejudicial effect. The purpose of an ISR is to estimate trial length, and inform the Court whether trial will be eliminated or shortened by substantive motions. *See* LR 26-3. The Court is aware that Otis has filed a Motion for Summary Judgment (#44), and that Trump has filed a joinder to it (#45). Should summary judgment be denied in whole or in part, the parties will be required to submit proposed trial dates and estimate trial length. *See* LR 16-4, LR 26-1(e)(5). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Sanctions (#67) is **denied.**

DATED this 30th day of November, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge