BRADLEY PAUL ELLEY, ESQ.
Nevada Bar No. 658
120 Country Club Drive, Suite 5
Incline Village, NV  89451
Telephone:  (775) 831-8800
Attorney for Plaintiffs
email: bpelleylaw@sbcglobal.net

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FEAGINS, YOLANDA FEAGINS, KEVIN FEAGINS JR, a Minor, JOSHUA FEAGINS, a Minor, ANDRE FEAGINS, a Minor, and JONATHAN FEAGINS, a Minor, by and through their parents, KEVIN FEAGINS and YOLANDA FEAGINS<br><br>       Plaintiffs,<br><br> vs.<br><br>THE TRUMP ORGANIZATION, a foreign corporation, TRUMP RUFFIN COMMERCIAL LLC, a foreign limited liability company, TRUMP INTERNATIONAL HOTEL & TOWER-LAS VEGAS UNIT OWNERS ASSOCIATION, a Nevada non-profit corporation, OTIS ELEVATOR COMPANY a foreign corporation, and DOES I through XXX, inclusive,<br><br>       Defendants. | Case No. 2:11-cv-01121-GMN-GWF |

## PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S DENIAL OF PLAINTIFF'S MOTION TO FOR SANCTIONS

Plaintiffs herein by and through their attorney of record, Bradley Paul Elley, Esq., pursuant to Local Rule IB 3-1 hereby object to the ruling by the magistrate judge denying Plaintiffs' Motion for Sanctions in the above-entitled action.

1

The specific objections are as follows:

1. The magistrate judge's ruling is clearly erroneous or contrary to law because the ruling has completely ignored the appearing Defendants' contemptuous failure to comply with the lift stay Order by their failure to timely file their answers to the complaint after being ordered to do so, such that sanctions should be levied.

2. The magistrate judge's ruling is clearly erroneous or contrary to law by ruling that Defendants acted in good faith by their willful and contemptuous failure to attempt to comply with Local Rule 26-3's mandate to file the joint interim status report, such that sanctions should be levied.

Dated:  December 17, 2012.

/s/ Bradley Paul Elley
BRADLEY PAUL ELLEY, ESQ.
Nevada Bar No. 658
120 Country Club Drive, Suite 5
Incline Village, NV  89451
Telephone:  (775) 831-8800
Attorney for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiffs filed their personal injury complaint in the Eighth Judicial District Court, Clark County, Nevada on May 9, 2011 arising from their horrifying experience in an elevator at the Trump Hotel International Las Vegas occurring on May 13, 2009.  On June 30, 2011, Plaintiffs were served Defendant Otis Elevator Company's (hereinafter "Otis") demand for security for costs pursuant to NRS 18.130.

2

On July 7, 2011, Defendant Trump Ruffin Tower I, LLC (hereinafter "Trump Ruffin") instead of adhering to the stay of all proceedings required by NRS 18.130 (1) pending the posting of the demanded security demanded by Otis or the lapse of 30 days, filed in the state court action its Notice of Removal and served it upon Plaintiffs and Otis.  Trump Ruffin also filed on July 7, 2011 the Petition for Removal in this court (*Document 1*), its Motion to Strike Plaintiffs' Prayer for Punitive or Exemplary Damages Pursuant to FRCP 12(F) (*Document 5*), its own demand for costs bond, (*Document 4*) certificate of interested parties (*Document 3*), and their statement concerning removal (diversity) (*Document 2*).

Next, Otis on July 7, 2011 ignored the automatic stay and joined in Trump Ruffin's aforesaid motion to strike Plaintiffs' punitive damages claim for relief (*Document 9*).  Due to the intentional waiver by the demanding defendants of the automatic stay in effect caused by at least one of the demands to post the security, Plaintiffs filed and served their opposition to such motion to strike punitive damages on July 25, 2011 (*Document 11*).  On August 3, 2011, Trump Ruffin and Otis filed their separate replies to Plaintiffs' opposition to such motion (*Documents 13 & 14,* respectively).

On August 26, 2011 Otis filed its motion to dismiss for the alleged failure to comply with the demand for security (*Document 16*) and on August 29th Trump Ruffin, TR Commercial, and Owners Association (hereinafter "Trump defendants") filed and served their joinder to such motion (*Document 17*), never explaining their excuse for failing to adhere to the stay provided by the same nonresident security statute, NRS 18.130.

The Court entered an order on March 19, 2012 granting the Motion Demanding Security of Costs, denying without prejudice the Motion to Dismiss and the Motion to Strike.  Most important for this motion for sanctions, the court ordered the entire case **stayed** pending Plaintiffs' compliance with the provisions of NRS 18.130, or upon further order of the Court (*Document 29*).  That further order

3

was entered on May 7, 2012, when the Honorable Gloria M. Navarro lifted the stay, stating: "IT IS HEREBY ORDERED that the stay imposed by the Court on March 19, 2012 (Order, ECF No. 29) is now LIFTED.  This action shall return to the normal litigation track.  Case stay lifted." (*Document 40*, hereinafter "lift stay Order" ).  Thus, there was no mention that the remainder of the countermanded scheduling order remained in effect or that the stay was lifted retroactively, so it could only be presumed that the parties needed to cooperate with obtaining the new scheduling order so that the interim status report could be filed, and that Defendants needed to answer the Complaint in a timely manner.  It was impossible to comply with the January 19, 2012 scheduling order (*Document 26*) as written.

Plaintiffs decided not to seek their intended remand to state court and allowed such 30 day deadline to file such motion to expire.  Instead, Plaintiffs filed their motion to extend discovery (*Document 46*) and contended that such lift stay Order countermanded and rendered moot the order to extend discovery entered on January 19, 2012, requiring a new order extending discovery, because some of the deadlines (expert witness disclosure on and the last day to amend pleadings or add parties on April 27, 2012) and the Interim Status Report filing deadline of April 27, 2012 per Local Rule 26-3 were impossible to comply with unless the lift stay Order was violated.  Additionally other deadlines had been frustrated to timely completion of the January 29, 2012 scheduling order.

Otis and the Trump defendants willfully disobeyed the lift stay Order by instead of returning "to the normal litigation track" by answering the Complaint in the timely manner as ordered Defendants did nothing, allowing themselves to become in default in May, 2012, and resulting in Plaintiffs eventually demanding that they have their answers on file and cooperate with Plaintiffs in obtaining a new scheduling order so that the parties could comply with the Local Rule 26-3 mandate to file the interim status report (See Attachments #s 1, 2, & 3 (Exhibits A, B, & C) of *Document 49*).

4

Belatedly on July 25, 2012 Otis filed with its Answer (*Document* 43) and contemporaneously filed its Motion for Summary Judgment (*Document 44*). The Trump defendants filed their joinder to such motion (*Document 45*). defendants claim in the pending motion for summary judgment that discovery has been completed by virtue of what was believed by Plaintiffs to be the countermanded January 19, 2012 scheduling order, Defendants abject failure to comply with same, and their opposition to Plaintiffs efforts to enable the parties to file an interim status report, notwithstanding.

Plaintiffs were unable to enlist Defendants' cooperation in obtaining a stipulation to extend discovery, and therefore, the motion to extend discovery was brought after the Trump defendants filed their answers to the Complaint (*Document 41*) and Otis filed its answer (*Document 43*) on July 20, 2012, after being in default and in violation of the lift stay Order for almost two months. After the respective oppositions were filed by the Trump defendants and Otis on August 14, 2012 (*Documents 49 & 50*) the reply to such oppositions was filed on August 23, 2012 (*Document 54*), never addressing in their oppositions any excuse for their contemptuous conduct for violation of such lift stay Order.

The Honorable George Foley, Jr., U. S. Magistrate presided at the hearing on August 24, 2012 in which Plaintiffs' motion was denied (*Document 55*). The transcript of the proceedings was filed on August 30, 2012 (*Document 58*). Such transcript discloses the obvious fact in accordance with the ruling supported by Defendants that Defendants were obligated to cooperate with Plaintiffs to file the 60 day joint interim status report pursuant to Local Rule 26-3. The pertinent transcript passage on page 19, lines 9-24. referring to such rule states:

```
9     MR. ELLEY   ... I don't know why the defense is being given –
10    Being given a  -- a free pass on this –
11    THE COURT: What –
12    MR. ELLEY:  -- Your Honor.
13    THE COURT: -- what joint status report are you referring to?  I'm trying to
```

|   |   |
|---|---|
| 14 | look for it.  Just so I understand what -- |
| 15 | what – |
| 16 | MR. ELLEY:  It's -- |
| 17 | THE COURT: -- what the argument – |
| 18 | MR. ELLEY:  -- it's the one that says 60 days before |
| 19 | discovery closes you need to file this interim status report. |
| 20 | Um… |
| 21 | THE COURT: Well, I think that's a – an obligation |
| 22 | on  -- on both parties. |
| 23 | MR. ELLEY:  Yes, it is your Honor. |
| 24 | THE COURT: Yeah.   Right. |
| 25 | MR ELLEY:   Absolutely. |

Therefore, Defendants were already put on notice by this Court that they needed to comply with the lift stay Order, but Defendants opposed Plaintiffs' efforts to enable Defendants to purge their contemptuous failure to comply.

On September 9, 2012, Plaintiffs' Objections to Denial of Plaintiffs' Motion to Extend Discovery (Second Request) was filed (*Document 60*).

On October 4, 2012, Plaintiffs' Reply to Opposition/Response of Defendants to Plaintiffs' Objections to Magistrate's Denial of Plaintiffs' Motion to Extend Discovery (Second Request) was filed (*Document 63*) in response to Defendant Otis Elevator's (*Document 61*) and the Trump Defendants' (*Document 62*) September 24, 2012 Oppositions to Plaintiff's Objections to Magistrate's Denial of Plaintiffs' Motion to Extend Discovery (Second Request) (*Document 60*). Such Oppositions again failed to address any excuse for Defendants contemptuous conduct, despite being put on notice to comply with the mandate to file the interim status report a month earlier.

On October 19, 2012 the order denying Plaintiffs' aforesaid objections was filed (*Document 65*). On October 22, 2012 an unsuccessful settlement conference was presided over by Judge Foley (*Document  66*).  It is believed at that point per local court policy a new magistrate should have been assigned to this action.

On October 29, 2012, Plaintiffs filed their underlying Motion for Sanctions (*Document 67*). The Trump defendants responded by filing their opposition to such motion (*Document 68*) and Otis responded by filing its opposition to such motion (*Document 69*) on November 14, 2012.  Most significant for purposes of this Objection, the Trump defendants included as Exhibit A (*Document 68-1, also 49-3*) to their opposition a letter dated July 26, 2012 from the undersigned addressed to defense counsel herein, admonishing them of their need to comply with efforts to extend discovery so that they could comply with Local Rule 26-3, which requires the filing of the Interim Status Report jointly by counsel for the parties.  Specifically, such admonition to enlist Defendants' compliance with such local rule minimizing such contempt of court stated in pertinent part:

> Please reconsider your position that discovery has been closed.  Judge Navarro's stay Order undeniably countermanded such previous discovery schedule order.  The argument that the discovery schedule did not need to be revised even though it was impossible to comply with due to the countermanding stay Order is specious, *e.g*, the Local Rule 26-3 Interim Status Report could not have been timely filed, as to do so would have been a violation of the stay Order.
>
> Please advise if you will cooperate with the extension of the deadlines by stipulation or if I will need to proceed with the filing of the Local Rule 26-4 motion, pointing out that the defendants were in default at the time the claimed deadline had expired and should be estopped to proceed with any more defense discovery or disclosure of defense experts for not so stipulating.

Plaintiffs filed their reply to such oppositions on November 26, 2012 (*Document 70*).  Such opposition makes reference to the same July 26, 2012 letter (*Documents 49-3, also 68-1)* on lines 11-15 of page 6, stating:

- Defendants have not offered any excuse for their contemptuous conduct by intentionally failing to file their answers to the Complaint when they were due in May, 2012, rather than being admonished to do so by Plaintiffs' counsel by letter in July, 2012, more than six weeks after they had committed such contempt.

Judge Foley's order denying Plaintiffs' Motion for Sanctions (*Document 71*) completely

ignored the bad faith failure by all of the appearing defendants to timely file their answers to the Complaint in May, 2012, per the lift stay Order (*Document 39*) and then such order denying the sanctions claims on page 2, lines 7-11, erroneously finding that the failure to comply with the interim status report was not bad faith and erroneously finding that Plaintiffs did not attempt to obtain such compliance.  It appears that the ruling justified Defendants' bad faith by finding that it was Plaintiffs' duty to protect Defendants' from Defendants' own contemptuous conduct.

   Such order denying sanctions ignores entirely Defendants unexcused failure to comply with the lift stay Order to proceed with the litigation track by timely filing the answers to the Complaint in May, 2012.  To make matters worse, it relies in part upon Defendants' misstatements about Plaintiffs' lack of attempt to confer with Defendants regarding the proposed mandated Interim Status Report ("ISR"), the foregoing July, 2012 letter seeking Defendants' cooperation to enable the filing of such joint interim status report, notwithstanding:

> The Court finds Defendants have not acted in bad faith. Because this matter was stayed on on (sic) the ISR's due date, an ISR could not be filed. When the District Court lifted the stay (#39), this case returned to "the normal litigation track." No new schedule or deadline for the ISR were entered. Both Trump and Otis represent to the Court that Plaintiffs did not attempt to confer regarding a proposed ISR after the stay was lifted, and Plaintiffs themselves have not filed an ISR.

   Defendants have steadfastly opposed Plaintiffs' attempts to obtain additional discovery which, if granted, would have allowed the parties to eventually comply with the filing of the joint interim status report.  The Order lifting the stay required Defendants and Plaintiffs to proceed with discovery by requesting such an extension in a timely manner within the three weeks before Defendants defaulted and disobeyed the lift stay Order in May, 2007.  Defendants have remained silent by their conduct and by their written oppositions to Plaintiffs' efforts to extend discovery about their obligations mandated by the same lift stay Order to themselves proceed with the litigation by filing a

timely response to the complaint in May, 2012, rather than July after Plaintiffs' demand that they do so and by timely compliance with the filing of the required joint interim status report, which Defendants have to this day ignored as well.  Defendants have relied on the same lift stay Order to oppose and prevent Plaintiffs' pursuing further discovery and extending the deadline for the filing of the missing interim status report, believing as confirmed by the erroneous ruling that they can ignore the mandates of the lift stay Order applying to them.

　　　　　Defendants cannot have it both ways:  they cannot obtain the spoils of their opposition to Plaintiffs' efforts to obtain discovery and to comply with the filing of the joint interim status report but at the same time fail to be accountable for their contemptuous violation of the lift stay Order and the consequent appropriate sanctions for such willful bad faith conduct in violating such lift stay Order by their noncompliance resulting in their default in timely answering the complaint after being ordered to do so, and Defendants' refusal to file the joint interim status report and their continued failure to cooperate to attempt to file same and avoid sanctions for such lack of cooperation, especially after being ordered to proceed.  Therefore, these objections to the magistrate's rulings seek appropriate sanctions by striking the answers to the Complaint, having all allegations of the Complaint be deemed admitted in Plaintiffs' favor, and obtaining costs and attorneys fees for having to seek such sanctions against all of the appearing defendants.

　　　　　The order denying the motion for sanctions by the magistrate ignores the failure of any defendant to timely file answers to the Complaint after being ordered to do so and overlooks Plaintiffs unrequieted efforts to extend discovery so that the parties could comply with the joint interim status report.  As a result, the order denying sanctions is erroneous and is contrary to law by finding no bad faith whatsoever.

## II.

## THE MAGISTRATE JUDGE'S RULING IS CLEARLY ERRONEOUS OR CONTRARY TO LAW BECAUSE THE RULING HAS COMPLETELY IGNORED THE APPEARING DEFENDANTS WILLFUL FAILURE TO COMPLY WITH THE LIFT STAY ORDER BY TIMELY FILING THEIR ANSWERS TO THE COMPLAINT

The May 7, 2012 order lifting the stay and further ordered the return to action returned "to the normal litigation track". The normal litigation track required that the defendants file their respective answers or responses to the complaint at most within 21 days after the order was lifted on May 7, 2012 or they were in default, FRCP 12. All of these appearing Defendants violated this lift stay Order to return to the litigation track by refusing to comply with such Order by filing of their answers last May. Defendants have never offered any explanation for such contemptuous conduct, especially after being admonished to do so by the undersigned counsel's July, 2012 demands for same (See Attachments #s 1, 2, & 3 (Exhibits A, B, & C) of *Document 49*).

Local Rule of Practice for the United States District Court for the District of Nevada Rule 1A 4-1 states in pertinent part:

> **LR IA 4-1. SANCTIONS.**
>
> The Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing *in pro se* who, without just cause: …
> (c) Fails to comply with these Rules; or,
> (d) Fails to comply with any order of this Court.

It appears to be undisputed that Defendants attorneys can be sanctioned for violation of this local rule by their failure to comply with the lift stay Order of this Court. The Honorable Gloria M. Navarro has recently indicated that sanctions pursuant to such rule may also be levied against a party for the conduct of its attorney or if appearing pro se. Referring to the failure to of a pro se plaintiff to comply with an order of this Court she stated: "The Court may also impose appropriate sanctions on a party for failure to comply with an order of the court. D. Nev. R. IA 4- 1." *Coleman v. American Home Mortgage Serving, Inc.*, 2012 WL2978838 (D.Nev.).

10

These violations by Defendants are no coincidence, as they appear to have been done in a concerted, calculated manner giving rise to transgressions of law including criminal contempt, combination to resist process, and conspiracy. Criminal contempt, NRS 199.340, states in pertinent part: "Every person who shall commit a contempt of court of any one of the following kinds shall be guilty of a misdemeanor: … 4. Willful disobedience to the lawful process or mandate of a court; …."

In their zeal to game Plaintiffs in order to deny Plaintiffs' the right to utilize their expert witness and to obtain additional discovery Defendants' willful disobedience to lift stay Order's mandate to file their answers to the complaint is an act of criminal contempt and deserves to be punished accordingly.

Combination to resist process, NRS 199.410 applies when there is more than one offending party. It states: "Every person who shall enter into a combination with another to resist the execution of any legal process or other mandate of a court of competent jurisdiction, under circumstances not amounting to a riot, shall be guilty of a gross misdemeanor." That this mandate has been resisted by Otis and the Trump defendants cannot be disputed, especially since they have all failed to file timely answers and have joined in the oppositions to Plaintiffs efforts to comply with Local rule 26-3, even after being told by Judge Foley that they need to comply.

Criminal conspiracy, NRS 199.480 states in pertinent part:

3. Whenever two or more persons conspire:
   (f) To commit any act … for the perversion or corruption of public justice or the due administration of the law; or

   (g) To accomplish any criminal or unlawful purpose, or to accomplish a purpose, not in itself criminal or unlawful, by criminal or unlawful means,
each person is guilty of a gross misdemeanor.

Defendants have conspired to corrupt the public justice or the due administration of the law to accomplish the prevention of further discovery by Plaintiffs with the intent to avoid Plaintiffs' trial on the merits, even though the means by which Defendants seek to further this conspiracy required that they willfully and in bad faith disobey the lift stay Order mandates to timely file their answer and to comply with the requirement to file the joint interim status report. Defendants need to be appropriately sanctioned by striking their answers to the Complaint, having the allegations of the Complaint be deemed admitted, and paying sanctions for Plaintiffs having to bring this motion.

The magistrate's order denying sanctions and finding Defendants did not act in bad faith not only completely ignored the willful failure to comply with the lift stay Order directing Defendants to answer the Complaint. The order denying the requested sanctions on this issue is clearly erroneous and contrary to law.

### III.

**THE MAGISTRATE JUDGE'S RULING IS CLEARLY ERRONEOUS OR CONTRARY TO LAW BY RULING THAT DEFENDANTS ACTED IN GOOD FAITH BY FAILING TO OBTAIN THE EXTENSION OF DISCOVERY SO THAT THEY COULD COMPLY WITH THE LOCAL RULE 26-3 MANDATE TO FILE THE JOINT INTERIM STATUS REPORT**

The magistrate's order also countenances Defendants' actions in falsely claiming that no efforts were made by Plaintiffs to obtain compliance with the filing of the joint interim status report when the facts before the Court clearly show that Plaintiffs sought the extension of discovery in order to enable all of the parties to comply with the filing of the joint interim status report. This erroneous ruling in reliance upon Defendants' misrepresentations to justify finding that Defendants did not act in bad faith is contrary to law. Defendants' criminal conduct and willful disobedience of the lift stay Order and corrupting the public justice not only is not denied by Defendants but has in effect been rewarded by the magistrate's erroneous ruling which is contrary to law.

## IV.

## THE OBJECTIONS TO THE ERRONEOUS RULING NEED TO BE SUSTAINED AND SANCTIONS NEED TO LEVIED TO UPHOLD ORDERLY ADMINISTRATION OF JUSTICE AND REGARD FOR JUDICIAL PROCEEDINGS AND TO PROTECT AGAINST DEFENDANTS PLAYING FAST AND LOOSE WITH THE COURTS

It was pointed out in Plaintiffs' reply to Defendants' oppositions that somehow lost in Defendants' separate oppositions to Plaintiffs' Motion for Sanctions was Defendants' inconsistent conduct which judicially estops them from claiming that Plaintiffs should have been more diligent in their compliance with the lift stay Order, when Defendants willfully failed to comply with it. Defendants must be sanctioned for taking their inconsistent, bad faith positions.   As the Ninth Circuit explained in *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (2001):

> This court invokes judicial estoppels not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.' *Id.* at 782 (citing *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990).

In addition to their failure to timely file their answers, the "fast and loose" conduct was addressed on pages 4 and 5 of such reply, stating:

- The Trump defendants have attempted to mitigate such contempt by offering that although they were in contempt since no formal default had been entered it was ok not to comply with such Order for over two months.
- Defendants were told in open court by Judge Foley that they were not given a free pass to avoid compliance with the filing of the joint interim status report, but they have still deliberately failed to attempt to do so, opposing at every stage Plaintiffs' efforts to obtain their compliance with such rule and later, Judge Foley's direction to do so.
- Otis even claims that despite Judge Foley telling Defendants that they needed to file the joint interim status report that they do not have to comply with Local Rule 26-3 requiring Defendants to file the interim status report, but no authority for this claimed excused noncompliance and defiance of Judge Foley's directions has been cited.
- The Trump defendants do not offer any excuse for such willful noncompliance with such Order and Judge Foley's directions, either.

13

- While not addressing any excuse for their foregoing contemptuous conduct the Trump defendants claim that it was simply a coincidence rather than a conspiracy that Defendants committed their contemptuous conduct.

Such bad faith conduct was not a coincidence. It was pointed out why on page 5, lines 10-27 and page 6, lines 1-2 why it would be naïve for this Court to believe such conduct was merely a coincidence:

1. All of the appearing defendants claimed when opposing Plaintiffs' Motion to Extend Discovery there was a duty to comply with the lift stay Order, but none of the defendants have complied with it. Defendants appear to believe that there is safety in numbers by jointly defying the lift stay Order. This approach brings to mind the famous quote of Benjamin Franklin: "We must all hang together, or assuredly we shall all hang separately."
2. The Trump defendants are the beneficiaries of an indemnity agreement indemnifying them for the actions of Otis which have lead to this action being filed, including the defective nature of the Otis elevator and the negligent maintenance by Otis of the elevator (See *Document 44-2,* pages 19-21). Such indemnity requires the cooperation by the Trump defendants with Otis in this litigation to be indemnified.
3. The Trump defendants in July, 2012 indicated their willingness to cooperate with resolution of discovery disputes Plaintiffs had over the perceived evasive and/or incomplete responses to Plaintiff's interrogatories and request for production of documents (See Attachments 1-3 of *Document 49*). It is telling that the opposition to this motion by the Trump defendants denies that Plaintiffs ever propounded any discovery and that the Trump defendants did an immediate about face by joining in Otis' Motion for Summary Judgment instead of following through with such discovery resolution efforts.

After Defendants disregard for the dignity of these judicial proceedings Defendants have the unmitigated gall to claim that Plaintiffs' counsel has acted unethically and should have monetary sanctions levied against him. This is utter nonsense and nothing more a feeble attempt to deflect responsibility for their own conduct.

Plaintiffs provided ample authority for levying sanctions against Defendants, none of which was disputed by Defendants. Local Rule of Practice for the United States District Court for the District of Nevada Rule 1A 4-1 was shown on page 9, commencing on line 18 to page 11, line 17 to

provide the appropriate sanctions against opposing counsel for their perceived criminal conspiracy to act in contempt of court by willfully violating the lift stay Order.

The next section of Plaintiffs' Motion for Sanctions explained on page 11 line 20 and concluded on page 13, line 6 the inherent authority of this Court to impose sanctions not only for bad faith, but also for willfulness or fault by the offending party, citing to *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988).  The available sanctions were shown in this section to include the requested striking of an answer and deeming an issue admitted, and awarding attorneys fees and costs.

Without the imposition of the requested sanctions it appears that this Court has a tacit double standard for Defendants to be allowed to escape the consequences of their wrongful conduct.

## CONCLUSION

This objections to magistrate's rulings should be sustained and Plaintiffs' Motion for Sanctions should be granted to right the clearly erroneous ruling which is contrary to law by striking Defendants answers, deeming contested facts to be admitted in favor of Plaintiffs, and awarding Plaintiffs their attorneys fees and costs in having to prosecute the sanction motion and these objections to the erroneous and contrary to law magistrate's order denying same.

Dated:  December 17, 2012.

/s/ Bradley Paul Elley
BRADLEY PAUL ELLEY, ESQ.
Nevada Bar No. 658
120 Country Club Drive, Suite 5
Incline Village, NV  89451
Telephone:  (775) 831-8800
Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of the office of Bradley Paul Elley, Esq. and that, on December 17, 2012, a true and correct copy of **PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S DENIAL OF PLAINTIFF'S MOTION FOR SANCTIONS** was served via the United States District Court CM/ECF system and a copy was sent by electronic notice to the following:

Josh Cole Aicklen, Esq.
David B. Avakian, Esq.
Lewis Brisbois Bisgaard & Smith LLP
6385 S. Rainbow Blvd., Ste. 600
Las Vegas,  NV  89118

Attorneys for Defendant Trump Ruffin Tower I, LLC, Trump Ruffin Commercial LLC, and Trump International Hotel & Tower-Las Vegas Unit Owners Association

Rebecca L. Mastrangelo, Esq.,
Rogers, Mastrangelo, Carvalho & Mitchell
300 South Fourth Street, Ste 710
Las Vegas,  NV  89101

Attorneys for Defendant Otis Elevator Company

DATED:  December 17, 2012.

/s/ Elizabeth Lintner
ELIZABETH LINTNER