# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FEAGINS, YOLANDA FEAGINS, KEVIN FEAGINS, JR., a Minor, JOSHUA FEAGINS, a Minor, ANDRE FEAGINS, a Minor, and JONATHAN FEAGINS, a Minor, by and through their parents, KEVIN FEAGINS and YOLANDA FEAGINS, | Case No.: 2:11-cv-01121-GMN-GWF |
| Plaintiffs, | **AMENDED ORDER** |
| vs. | |
| THE TRUMP ORGANIZATION, a foreign corporation, TRUMP RUFFIN COMMERCIAL LLC, a foreign limited liability company, TRUMP INTERNATIONAL HOTEL & TOWER-LAS VEGAS UNIT OWNERS ASSOCIATION, a Nevada non-profit corporation, OTIS ELEVATOR COMPANY a foreign corporation, and DOES I through XXX, inclusive, | |
| Defendants. | |

This Order hereby amends the Order at ECF No. 81, filed on September 25, 2013, as follows:  On Page 7 beginning at line 19, the word "not" was inserted between the words "does" and "find," so the sentence should now read as follows:  "However, this Court does **not** find that Plaintiffs' claims were wholly unreasonable."  The sentence now starts on page 7 at line 23.  There are no other amendments to said Order.

Pending before the Court is Plaintiffs' Motion to Reconsider (ECF No. 72), Defendant Trump Ruffin Tower I, LLC's ("Trump") Response (ECF No. 73), Defendant Otis Elevator Company's ("Otis") Response (ECF No. 76) and Plaintiffs' Reply (ECF No. 77).

Also before the Court is Defendant Trump's Motion for Attorney's Fees (ECF No. 74), Plaintiffs' Response (ECF No. 78) and Defendant Trump's Reply (ECF No. 79).

I.   **PLAINTIFFS' MOTION TO RECONSIDER (ECF No. 72)**

Plaintiffs filed the instant personal injury complaint in the Eighth Judicial District Court, Clark County, Nevada, on May 9, 2011. (ECF No. 1.)  Plaintiffs allege that they suffered injury when they were trapped inside an elevator at the Trump Hotel International Las Vegas that went into free fall for twenty stories. (*Id.*)  This case was removed on July 7, 2011. (*Id.*)

Plaintiffs' Motion to Reconsider (ECF No. 72) appears to be a timely objection pursuant to Local Rule IB 3-1 to the ruling by the Magistrate Judge rendered on November 30, 2012 (ECF No. 71) denying Plaintiffs' Motion for Sanctions filed on October 29, 2012 (ECF No. 67).

Plaintiffs argue that Magistrate Judge Foley,

> "completely ignored the bad faith failure by all of the appearing defendants to timely file their answers to the Complaint in May, 2012, per the lift stay Order *(Document 39)* and then such order denying the sanctions claims on page 2, lines 7-11, erroneously finding that the failure to comply with the interim status report was not bad faith and erroneously finding that Plaintiffs did not attempt to obtain such compliance."

(ECF No. 72, pp. 7-8.)

Defendant Trump responds by arguing there is no legal basis for the motion and requests sanctions for having to respond to the meritless motion. (ECF No. 73.)  Likewise, Defendant Otis argues there is no rational basis for Plaintiffs' repeated filings other than to vex, harass, annoy and cause an unnecessary increase in the cost of litigation which constitutes an abuse of the legal process and bad faith per se. (ECF No. 76, pp. 4-5.)  Plaintiffs' Reply maintains the magistrate judge failed to address the failure of the Defendants to comply with the lift stay order when they untimely filed their answer. (ECF No. 77, p. 3.)

**A.   Plaintiffs' Motion For Sanctions (ECF No. 67)**

Plaintiffs' Motion for Sanctions (ECF No. 67) requested the Court strike Defendants' Answers to the Complaint citing several misdeeds committed by the Defendants.  First, Plaintiffs claim Defendant Trump failed to comply with the automatic stay provision required by

NRS 18.130 when it continued submitting multiple filings in this case: Defendant Trump removed the action to federal court (ECF No. 1), filed a Motion to Strike Plaintiffs' Prayer for Punitive or Exemplary Damages pursuant to FRCP 12(f) (ECF No. 5), filed its own Demand for Cost Bond (ECF No. 4), a Certificate of Interested Parties (ECF No. 3) and their Statement Concerning Removal (ECF No. 2). (ECF No. 67, pp. 2-3.)  Next, Plaintiffs claim Defendant Otis ignored the automatic stay by joining in Trump's Motion to Strike (ECF No. 9).  Additionally, Plaintiffs claim the Defendants allowed themselves to be in default when they untimely filed their Answers (ECF Nos. 41, 43).  Furthermore, Plaintiffs claim Defendants failed to stipulate to a requested extension of the discovery deadlines and finally, Plaintiffs claim Defendants' failure to cooperate and file a Joint Interim Status Report evidences their bad faith and justifies the imposition of sanctions.

### B.    Magistrate Judge's Order (ECF No. 71)

The magistrate judge addressed Plaintiffs' claim that "Defendants' failure to submit an ISR and refusal to stipulate to Plaintiffs' Motion (#46) to extend discovery was in bad faith." (ECF No. 71, p. 2.)  The Court found as follows:

> "The Court finds Defendants have not acted in bad faith.  Because this matter was stayed on on (sic) the ISR's due date, an ISR could not be filed.  When the District Court lifted the stay (#39), this case returned to "the normal litigation track."  No new schedule or deadline for the ISR were (sic) entered.  Both Trump and Otis represent to the Court that Plaintiffs did not attempt to confer regarding a proposed ISR after the stay was lifted, and Plaintiffs themselves have not filed an ISR.
>
> Furthermore, both parties' failure to file an ISR has had no prejudicial effect. The purpose of an ISR is to estimate trial length, and inform the Court whether trial will be eliminated or shortened by substantive motions. See LR 26-3.  The Court is aware that Otis has filed a Motion for Summary Judgment (#44), and that Trump has filed a joinder to it (#45).  Should summary judgment be denied in whole or in part, the parties will be required to submit proposed trial dates and estimate trial length. See LR 16-4, LR 26-1(e)(5)."

(ECF No. 71, p. 2.)  The Magistrate Judge's written order did not address Plaintiffs' other arguments related to the sanction request: stay violation, opposition to the discovery extension, and the untimely filing of their answers to the complaint.

### C.   Legal Analysis

Pursuant to Local Rule IB 3-1, "a district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law… The district judge may affirm, reverse, or modify, in whole or in part, the ruling made by the magistrate judge." LR IB 3-1.

Plaintiffs present four different reasons why this Court should find Defendants' conduct and omissions deserve sanctions in accordance with Local Rule 4-1:  Defendants are guilty of Criminal Contempt pursuant to NRS 199.340; Combination to Resist Process pursuant to NRS 199.410; Criminal Conspiracy pursuant to NRS 199.480; and that this Court should exercise its inherent power to strike Defendants' Answers.

#### 1.   Stay

This Court finds that neither Defendant Trump nor Otis ever explained their failure to adhere to the 30-day stay provided by the same nonresident security statute, NRS 18.130. Therefore, on March 19, 2012, this Court ordered a stay pending compliance with NRS 18.130. (ECF No. 29.)  After the stay was lifted on May 7, 2012, the case was returned to the normal litigation track. (ECF No. 40.)  This Court imposed the stay to remedy the Plaintiffs' failure to comply with NRS 18.130.  However, more importantly, the Court's written Order (ECF No. 29) provided a remedy for the failure of both Defendants to comply with the 30-day automatic stay when it denied without prejudice, the Motion to Dismiss (ECF No. 16) filed by Otis, and the Motion to Strike (ECF No. 5) filed by Trump.  Therefore, the Court finds that Defendants' failure to comply with the automatic stay is no longer an appropriate basis for sanctions.

2.  <u>Default</u>

Defendants both failed to timely file their Answers to Plaintiffs' Complaint.  Both Answers were untimely filed July 20, 2012 (ECF Nos. 41, 43).  Neither Defendant provided any explanation[1] in their Responses as to why their Answers were not timely filed. (ECF Nos. 73, 76.)  Nevertheless, Plaintiffs' remedy was to seek a default as provided by Rule 55 of the Federal Rules of Civil Procedure.  The Defendants did not "allow themselves to be in default" as claimed by the Plaintiffs, as no default was ever requested by the Plaintiffs nor entered by the Court.  Essentially, the Plaintiffs waived their remedy by not seeking default; therefore, the Court finds that Defendants' failure to timely file an Answer, without more, is an insufficient basis for sanctions.

3.  <u>Discovery</u>

The Scheduling Order filed January 19, 2012 (ECF No. 26), provided for an expert witness deadline of April 27, 2012, a discovery deadline of June 27, 2012, and a dispositive motion deadline of July 27, 2012.  When Defendants refused to agree to jointly request an extension of the discovery deadlines, Plaintiffs filed their Motion to Extend Discovery (ECF No. 46) claiming it was impossible to comply with the current deadlines as a result of the intervening stay effective  March 19, 2012 to May 7, 2012.  Additionally, the April 27, 2012 deadline for filing an Interim Status Report had passed.  The Magistrate Judge denied Plaintiffs' Motion to Extend Discovery on August 24, 2012. (ECF No. 55.)

Plaintiffs claim the Defendants' failure to cooperate and stipulate to the request for a discovery deadline extension is conduct that should be sanctioned.  Plaintiffs provide no legal basis for this assertion.  Rather, Plaintiffs imply prejudice; they could not timely complete discovery because they were complying with the stay order, while Defendants continued to conduct discovery in violation of the stay.

---

[1] Defendant Otis merely states that "[a]s soon as Plaintiffs' counsel pointed out that responsive pleadings were due, Otis filed its Answer." (ECF No.76, p. 3)

1    Nevertheless, this issue was previously addressed by this Court in its Order denying

2    Plaintiffs' objections to the magistrate judge's decision. (ECF No. 65.)  The June 27, 2012

3    discovery deadline sought to be extended, had already been extended once before. (ECF No.

4    23.)  In the initial Discovery Plan and Scheduling Order, the discovery deadline was originally

5    March 28, 2012 – providing for 180 days for discovery from the date it was filed October 3,

6    2011. (*Id.*)  The parties were granted a 90-day extension of that March 28, 2012 deadline so that

7    the new deadline was June 27, 2012. (*Id.*)  Therefore, discovery was open for approximately five

8    and one half months[2] from October 3, 2011 until the stay was imposed on March 19, 2012 and

9    then discovery was again open for an additional seven and a half weeks from May 7, 2012 until

10   June 27, 2012.

11   Defendants defended their case and timely concluded their discovery.  Defendant Trump

12   now argues that this Court's stay from March 19, 2012 to May 7, 2012 was "artificially" created

13   by the Plaintiffs due to their failure to comply with the posting of their out-of-state bonds

14   pursuant to NRS 18.130. (ECF No. 73, p. 9.)  However, it appears the depositions of the

15   Plaintiffs were taken not during the Court's stay but rather during the week of February 20,

16   2012, despite the fact they were in Texas. (ECF No. 61, p. 3 and ECF No. 62, p. 5.)  Defendants

17   also took the depositions of several health care providers and educators of the Feagins' children.

18   (*Id.*)  Apparently, Plaintiffs chose not to begin any discovery until after the first discovery

19   extension was approved. (*Id.*)  Plaintiffs also claim the magistrate judge's decision "overlooks

20   Plaintiffs unrequieted efforts to extend discovery so that the parties could comply with the joint

21   interim status report." (ECF No. 72, p.9.)  The Court agrees with the magistrate judge that the

22   Plaintiffs had sufficient time to conduct discovery but waived that opportunity.  There is no

23

24   _____

25   [2] Notwithstanding the Court's reference in its prior Order that "Defendants also point out that discovery was open for eight months prior to the stay." (ECF No. 65, p. 2) The hearing transcript reveals the Defendants were referring to eight months total—six months prior to the stay, plus six weeks after. (ECF No. 59, p. 7.)

evidence that the magistrate judge would have ruled differently had the motion been filed as a joint request.

Likewise, for the reasons provided *infra*, Plaintiffs' claim regarding the need to reopen discovery for the purposes of filing a joint interim status report is not persuasive.  Plaintiffs never filed an Individual Interim Status Report, etc.  The Court finds the Defendants' failure to join in a motion to extend discovery deadlines is an insufficient basis for sanctions.

### 4.   Joint Interim Status Report

While it does appear that contrary to the magistrate judge's finding, Plaintiffs did attempt to confer with Defendants regarding the filing of the Joint Interim Status Report, the magistrate judge was correct in finding that Plaintiffs did not file an Individual Interim Status Report.  Furthermore, the Magistrate Judge correctly found that the purpose of the filing of the report (to advise and update the Court) was otherwise satisfied and the Plaintiffs suffered no prejudice by the actions or failures of the Defendants.

## II.   DEFENDANT TRUMP'S MOTION FOR SANCTIONS (ECF No. 74)

Defendant Trump moves this Court to find Plaintiffs' counsel violated local rules and is a vexatious, frivolous litigant filing motions merely to vex, harass and annoy Defendants, needlessly wasting the Court's resources and justifying a sanction – ordering Plaintiffs' counsel to pay Defendants' fees and costs incurred for having to respond to Plaintiffs' Motion/Objection.  Defendant Otis also moves the Court for sanctions in its Response to Plaintiffs' Motion for Reconsideration. (ECF No. 76.)  Specifically, Defendants Trump and Otis question whether Plaintiffs' counsel had a good faith basis to object to the ruling by the Magistrate Judge pursuant to LB IB 3-1.

However, this Court does not find that Plaintiffs' claims were wholly unreasonable.  The Magistrate Judge's Order did not address all the issues raised in Plaintiffs' Motion; the Defendants did fail to comply with the stay pursuant to NRS 18.130, and did fail to file timely

Answers to the Complaint.  Accordingly, Defendant Trump's Motion for Sanctions (ECF No. 74) is denied.

**TO THE EXTENT THAT PLAINTIFFS' COUNSEL AND COUNSEL FOR DEFENDANTS TRUMP AND OTIS HAVE RESORTED TO PERSONAL ATTACKS AGAINST EACH OTHER, THE COURT HEREBY STRONGLY WARNS ALL COUNSEL THAT SUCH CONDUCT WILL NO LONGER BE TOLERATED.**

## III.   CONCLUSION

Therefore, the Court finds that Plaintiffs' description of Defendants' conduct and omissions as "contemptuous," "criminal" and, so forth, is not substantiated by the record. Accordingly, Plaintiffs' Motion to Reconsider (ECF No. 72) is **DENIED.**

The Court further finds that Defendant Trump's characterization of counsel for Plaintiffs as "vexatious," "annoying," "harassing," etc., is not substantiated by the record.  Accordingly, Defendants' Motions for Attorneys' Fees and Sanctions (ECF Nos. 74, 76) are **DENIED**.

**DATED** this 27th day of September, 2013.

**NUNC PRO TUNC DATE:**   September 25, 2013.

_____
Gloria M. Navarro
United States District Judge