Rebecca L. Mastrangelo, Esq.
Nevada Bar No. 5417
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
300 South Fourth Street, Suite 710
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
Attorneys for Defendant
OTIS ELEVATOR COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN FEAGINS, YOLANDA FEAGINS, )
KEVIN FEAGINS, JR., a Minor, JOSHUA )
FEAGINS, a Minor, ANDRE FEAGINS, a )
Minor, and JONATHAN FEAGINS, a Minor, )
by and through their parents, KEVIN )
FEAGINS and YOLANDA FEAGINS, )
 )
         Plaintiffs, )  CASE NO.  2:11-CV-01121-GMN-GWF
 )
vs. )
 )
THE TRUMP ORGANIZATION, a foreign )
corporation; TRUMP RUFFIN COMMERCIAL )
LLC, a foreign limited liability company; )
TRUMP INTERNATIONAL HOTEL & TOWER )
LAS VEGAS UNIT OWNERS ASSOCIATION, )
a Nevada non-profit corporation; OTIS )
ELEVATOR COMPANY, a foreign corporation, )
and DOES I through XXX, inclusive, )
 )
         Defendants. )
_____ )

**<u>ORDER</u>**

Defendant OTIS ELEVATOR COMPANY's Motion for Summary Judgment and Defendant TRUMP RUFFIN TOWER I LLC's (erroneously sued as The Trump Organization, Trump Ruffin Commercial LLC, and Trump International Hotel & Tower-Las Vegas Unit Owners Association) Joinder to Otis Elevator Company's Motion for Summary Judgment having come on for hearing on the 27th day of September, 2013, and REBECCA L. MASTRANGELO, ESQ., of the law firm of ROGERS, MASTRANGELO, CARVALHO & MITCHELL, having appeared on behalf of Defendant Otis Elevator Company, DAVID B. AVAKIAN, ESQ., of the

law firm of LEWIS BRISBOIS BISGAARD & SMITH LLP, having appeared on behalf of Trump Ruffin Tower I LLC, and BRADLEY PAUL ELLEY, ESQ. having appeared on behalf of Plaintiffs; and the Court having reviewed the pleadings and papers on file herein and having entertained oral argument, and good cause appearing therefore, finds as follows:

### FINDINGS OF FACT

1. On May 13, 2009, Plaintiffs were passengers in an elevator at the Trump Hotel in Las Vegas.

2. Plaintiffs allege that the elevator "free fell" then stopped abruptly. Plaintiffs concede that one of the minor Plaintiffs was jumping in the elevator.

3. The elevator at issue was manufactured by Otis Elevator Company and was installed at the Trump premises in 2006.

4. At the time of the incident and at all times relevant herein, Otis Elevator Company was under contract with the Trump for the maintenance and repair of the elevator.

5. Plaintiffs' sole claim against Otis Elevator Company is for strict products liability.

6. Otis Elevator Company denied that there was a malfunction in the operation of the elevator on the date of the subject incident, and denied that the elevator was defective.

7. Plaintiffs neither discovered, nor produced, any evidence or expert opinions indicating that the elevator was defective or that any defect existed in the product at the time it left the hands of the manufacturer.

8. Plaintiffs asserted claims against the Trump Defendants for negligence and premises liability.

9. Plaintiffs neither discovered, nor produced, any evidence or expert opinions indicating that there was a dangerous condition on the property or negligence in the maintenance of the elevator or otherwise on the part of the elevator owner, Trump.

10. Plaintiffs produced no evidence, nor any expert opinions, indicating that there was anything wrong with the elevator, that it malfunctioned on the date of the incident, or that the actions of any of the Defendants caused or contributed to the alleged incident.

1    11.    This case involves the inner workings of an elevator which is, by its very nature, a complex piece of machinery. The appropriate design, manufacture, installation and maintenance of an elevator is beyond the common knowledge of laypersons.

## CONCLUSIONS OF LAW

12.    Fed. R. Civ. Pro. 56(a) provides that the court shall grant summary judgment upon the movant's showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

13.    In opposing a motion for summary judgment, the non-moving party cannot merely rest on the allegations of the Complaint, but must come forward with admissible evidence pointing to a genuine issue for trial. *Celotex Corp. v. Catrett*, 484 U.S. 1066, 107 S.Ct. 1028 (1988). In the absence of such evidence, the court may consider the facts, as supported by the movant, as undisputed. Fed. R. Civ. Pro. 56(e)(2).

14.    Where a party is seeking summary judgment, it need only show that the Plaintiffs cannot establish an element of their case. *Triton Energy Corporation v. Continental Loss Adjusting, Inc.*, 68 F.3d 1216 (9th Cir. 1995).

15.    Proceeding under a theory of strict product liability does not relieve Plaintiffs of their burden of proof; instead, in order to prove a case of strict product liability, Plaintiffs must show that there was a defect in the product (elevator) and that such defect existed at the time the elevator left the hands of the manufacturer. *Shoshone Coca Cola Bottling Co. v. Dolinski*, 82 Nevada 439, 443, 420 P.2d 855 (1966).

16.    The proferred testimony of the Plaintiffs herein, i.e. that the elevator "free fell" cannot sufficiently demonstrate the existence of a defect in the elevator, nor that a defect existed at the time the product left the hands of the manufacturer in 2006. *Griffin v. Rockwell International, Inc.*, 96 Nev. 910, 912, 620 P.2d 862 (1981).

17.    Without evidence of a defect in the elevator, Plaintiffs cannot demonstrate a genuine issue of material fact on their strict products liability claim as the "malfunction theory in no way relieves the plaintiff of the burden of proving a defect." *Walker v. General Electric Co.*, 968 F.2d 116, 120 (1st Cir. 1992), quoting *Ocean Barge Transport v. Hess Oil Virgin Islands*,

1 | 726 F.2d 121, 125 (3rd Cir. 1984).

2 |   18. Although Plaintiffs have not demonstrated, by admissible evidence, that the
3 | elevator failed, even if their testimony was sufficient, the mere fact that a product failed is
4 | insufficient to establish a defect. *Cooper Tire & Rubber Co. v. Mendez,* 204 S.W.3d, 797, 807
5 | (Tex. 2006); *Clement v. Griffin*, 634 So.2d 412, 429 (La.Ct.App. 1994).

6 |   19. As to the negligence claims, the mere happening of an accident does not prove
7 | liability or the existence of a dangerous condition on the property. *Gunlock v. New Frontier*
8 | *Hotel*, 78 Nev. 182, 370 P.2d 682 (1962). Further, under Nevada law, an expert is an
9 | indispensable part of a case where the conduct at issue is beyond the common knowledge of lay
10 | persons. *Daniel, Mann, Johnson & Mendenhall v. Hilton Hotels Corp.*, 98 Nev. 113, 115, 642
11 | P.2d 1086 (1982), citing *Bialer v. St. Mary's Hospital*, 83 Nev. 241, 427 P.2d 957 (1967)
12 | (overruled on other grounds).

13 |   20. Even under a theory of *res ipsa loquitur*, Plaintiffs are not relieved of carrying
14 | their burden of proof as they must still show that it is more probable than not that the claimed
15 | injury resulted from the Defendant's breach of duty. *American Elevator Co. v. Briscoe*, 93 Nev.
16 | 665, 669, 572 P.2d 534 (1977).

17 |   21. To establish that the res ipsa loquitur doctrine applies, Plaintiffs must first
18 | establish that the event does not normally occur unless someone has been negligent. *Woodard v.*
19 | *Univ of Michigan Med Ctr*, 473 Mich. 1, 7, 702 NW2d 522 (2005). Further, "the fact that the
20 | injury complained of does not ordinarily occur in the absence of negligence must either be
21 | supported by expert testimony or must be within the common understanding of the jury." *Id.*
22 | (internal citation and quotation marks omitted.)

23 |   22. Plaintiffs herein failed to provide any expert testimony, which was necessary as
24 | elevator maintenance is not within the common understanding of the average juror. *Hearon v.*
25 | *Lafayette Towers Apartments,* 2006 WL 1042110 (Mich.App., 2006.)

26 |   Based upon the undisputed facts and the state of the law, Plaintiffs have shown no
27 | genuine issues of material fact and, therefore:

28 |   **IT IS HEREBY ORDERED** that Defendant OTIS ELEVATOR COMPANY's Motion

for Summary Judgment is **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant TRUMP RUFFIN TOWER I LLC's (erroneously sued as The Trump Organization, Trump Ruffin Commercial LLC, and Trump International Hotel & Tower-Las Vegas Unit Owners Association) Joinder to Otis Elevator Company's Motion for Summary Judgment is **GRANTED**.

**DATED** this 17th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge

SUBMITTED BY:

ROGERS, MASTRANGELO, CARVALHO
& MITCHELL

/s/ Rebecca L. Mastrangelo
_____
REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
300 S. Fourth Street, Suite 710
Las Vegas, Nevada 89101
Attorney for Defendant
OTIS ELEVATOR COMPANY


APPROVED AS TO FORM AND CONTENT:

LEWIS BRISBOIS BISGAARD & SMITH LLP            REVIEWED BY:

/s/ Josh Cole Aicklen, Esq.
_____                _____
JOSH COLE AICKLEN, ESQ.                        BRADLEY PAUL ELLEY, ESQ.
Nevada Bar No. 7254                            Nevada Bar No. 658
DAVID B. AVAKIAN, ESQ.                         120 Country Club Drive, Suite 5
Nevada Bar No. 9502                            Incline Village, Nevada 89451
6385 S. Rainbow Blvd, Suite 600                Attorney for Plaintiffs
Las Vegas, Nevada 89118                        **NO INPUT RECEIVED FROM**
Attorneys for Defendant                        **COUNSEL FOR PLAINTIFFS**
TRUMP RUFFIN TOWER I LLC