**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEVIN FEAGINS, et al., )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, 　　　　　　　　　) 　Case No.: 2:11-cv-1121-GMN-GWF
　　vs. 　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　) 　**ORDER**
OTIS ELEVATOR COMPANY, et al., 　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. 　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)

On September 28, 2016, the Court concluded a three-day jury trial, in which the jury assessed damages in the amount of $17,500.00 in favor of Plaintiff Andre Feagins. (*See* Verdict Forms, ECF Nos. 165, 167). Now pending before the Court is Plaintiffs' Motion for New Trial solely on the issue of damages pursuant to Federal Rule of Civil Procedure 59(a). (ECF No. 176). Defendant Otis Elevator Company ("Defendant") filed a response, (ECF No. 177), and Plaintiffs filed a reply, (ECF No. 178). For the reasons discussed herein, Plaintiffs' Motion for New Trial is **DENIED**.

## I.　　LEGAL STANDARD

Federal Rule of Civil Procedure 59(a)(1) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court [.]" While Rule 59 does not specify the grounds on which a motion for a new trial may be granted, "[h]istorically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251

(1940)). A new trial should not be granted unless, after giving full respect to the jury's findings, the Court "is left with the definite and firm conviction that a mistake has been committed." *Landes Const. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987). "The grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court.'" *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980)).

## II. DISCUSSION

Plaintiffs argue that the Court should grant a new trial because: (1) the jury mistakenly failed to follow the jury instructions; and (2) the verdict is against the clear weight of evidence. (Mot. for New Trial, ECF No. 176). Specifically, Plaintiffs believe that the jurors' affirmative answer to "Question No. 5" on the special verdict form indicates that the jury determined each plaintiff was entitled to damages. (Pl.'s Reply 2:16–24, ECF No. 178). According to Plaintiffs, "[t]he failure to assess Plaintiffs' damages or injuries determined to have been suffered by all of them in the special verdict form cannot be reconciled with the assessment of damages in the general verdict form for only Plaintiff Andre Feagins . . . ." (*Id.* 4:1–3)

The Court does not agree with Plaintiffs' characterization of the verdict forms. Question No. 5 in the special verdict form reads: "[w]as the defect a proximate cause of damage or injury to the plaintiffs?" (Special Jury Verdict, ECF No. 167). In answering "yes" to this question, the jury is in no way indicating that damages must be awarded to all of the plaintiffs. Rather, the assessment of damages to any *one* of the plaintiffs necessarily requires an affirmative answer to this question.

The relationship between Question No. 5 and the ultimate calculation of damages is further clarified by Jury Instruction No. 16, which states that "[i]n determining the amount of losses, ***if any***, suffered by the plaintiffs as a proximate result of the accident in question, you will take into consideration the nature, extent and duration of the injuries . . . ." (Jury

Instructions, ECF No. 162) (emphasis added). The jury therefore had the discretion to evaluate whether Defendant was the proximate cause of any damages to Plaintiffs generally, and if so, separately determine the amount of damages, if any, entitled to each individual plaintiff.

The Court therefore finds that the jury properly followed the instructions and did not render a contradictory verdict. Furthermore, the Court rejects Plaintiffs' contention that the verdict is against the clear weight of evidence. *See Molski*, 481 F.3d at 729.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for New Trial, (ECF No. 176), is **DENIED**.

**DATED** this 11 day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court