# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN FEAGINS, *et al.*,

        Plaintiffs,

vs.

OTIS ELEVATOR CO., *et al.*,

        Defendants.

Case No.: 2:11-cv-01121-GMN-GWF

**ORDER**

      Pending before the Court is the Motion for Reconsideration, (ECF No. 196), of the Court's Minute Order, (ECF No. 193), which denied Plaintiffs' Petition to Compromise Minors' Claims, (ECF No. 191), for lack of subject matter jurisdiction.  On April 24, 2019, the Court issued a Minute Order to Show Cause why the Court retained subject matter jurisdiction to rule on the Petition. (*See* Min. Order, ECF No. 200).  Plaintiffs filed a Response, (ECF No. 201), to the Minute Order and an Errata, (ECF No. 202), to the Response.  Defendant Otis Elevator Co. filed a Joinder, (ECF No. 203), to the Response.

      The present Motion concerns whether the Court has jurisdiction to grant a Petition for Compromise of Minors' Claims that the parties agreed to following the Court's entry of Judgment.  After a three-day trial, the Court entered Judgment in favor of Plaintiff Andre Feagins against Defendant Otis Elevator Co. in the amount of $17,500. (*See* Am. Clerk's J., ECF No. 170).  Plaintiffs moved for new trial, arguing it was manifestly unjust that all Plaintiffs injured in the subject elevator accident were not able to recover damages. (*See* Mot. New Trial, ECF No. 176).  Following the Court's denial of the Motion, Plaintiffs appealed. (Order, ECF No. 179); (Notice of Appeal, ECF No. 184).  With the appeal pending, Plaintiffs filed the underlying Petition for Compromise of Minors' Claims, representing the parties'

settlement. (*See* Pet., ECF No. 191).  After the parties filed the Petition before this Court, the Circuit remanded the case for consideration of the Petition. (USCA Order, ECF No. 194).

In its denial of the Petition, the Court, citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994), explained that it lacked ancillary jurisdiction over the parties' settlement agreement, and the parties needed to demonstrate an independent basis for the Court's subject matter jurisdiction. (*See* Min. Order, ECF No. 193).  The Motion for Reconsideration and the Responses to the Minute Order to Show Cause assert that the Court has jurisdiction because the Ninth Circuit has remanded this case in light of the parties' settlement. (Mot. Reconsider 2:19–22, ECF No. 196); (Resp. OSC 2:24–3:8).  They contend that the Court retains jurisdiction over the Petition because the conditional settlement was obtained while the appeal was pending. (*Id.*).  The Court agrees.

In *National Union Fire Ins. Co. v. Seafirst Corp.*, 891 F.2d 762 (9th Cir. 1989), the Ninth Circuit discussed whether parties may condition settlement on vacatur of judgment when an appeal is pending from the district court's judgment.  Although a motion to vacate is not at issue in this case, the Circuit's analysis is instructive.  When discussing scenarios wherein the parties to an action have reached settlement "after final judgment was entered, but before appeal was complete," the Circuit presupposed ancillary jurisdiction over settlement. *Id.* at 767 (citing *Ringsby Truck Lines, Inc. v. W. Conference of Teamsters*, 686 F.2d 720 (9th Cir. 1982). Here, the posture of the case is the same.  Additionally, the Circuit's rules foresee dismissal of appeals as a mechanism to facilitate settlement of disputes, a goal which would be defeated if the Court lacked ancillary jurisdiction to rule on the Petition. (*See* 9th Cir. Ct. App. R. 33.1) (describing the mediation process to facilitate settlement of disputes on appeal); (*see also* Fed. R. App. P. 33) (allowing the court to enter an order controlling the course of proceedings or implementing a settlement agreement following settlement conference).

The Court may consider the merits of the Petition as it retains jurisdiction over the dispute. Unlike in *Kokkonen*, which the Court previously relied upon, the case was not voluntarily dismissed by parties who later sought the Court's enforcement of a settlement agreement after the action had closed. The dispute over settlement enforcement is more akin to a separate action for breach of contract. *Kokkonen*, 511 U.S. at 375 ("Moreover, the doctrine of ancillary jurisdiction does not apply, since the facts to be determined with regard to the alleged breach of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business."). Here, in contrast, the case continued to proceed on appeal, and now this Court is tasked with whether to grant the Petition that procured an agreement to resolve the case following remand. The circumstances would be different if a party came to the Court seeking to enforce a settlement agreement previously entered.

Thus, the Court grants reconsideration of its denial of the Petition for lack of subject matter jurisdiction. The Court finds good cause to grant the Petition for Compromise of Minors' Claims, as the result for each minor Plaintiff is more favorable to that received at trial.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **GRANTS** the Motion for Reconsideration, (ECF No. 196). The Court finds that it has jurisdiction to rule on the Petition for Compromise of Minors' Claims.

**IT IS FURTHER ORDERED** that, for good cause shown, the Court **GRANTS in part** and **DENIES in part** the Petition, (ECF No. 191), consistent with the below instructions.

**IT IS FURTHER ORDERED** that **GOOD CAUSE** appears for the granting of Plaintiffs' Petition to Compromise Minors' Claims as to the minor children Andre Feagins in the total amount of $30,727.31, and Jonathan Feagins in the total amount of $13,227.31, subtracting equally from such respective total amounts 1/6th of the total attorneys fees and

costs ($4,166.67) to Bradley Paul Elley, Esq., approved hereby, such that the net compromised amount to be deposited into a blocked bank account at a federally charted bank within the State of Texas fully insured by the Federal Deposit Insurance Corporation ("FDIC") for Andre Feagins's trust account is $26,560.64, and into Jonathan Feagins's blocked federally charted bank within the State of Texas bank account fully insured by the FDIC trust account is $9,060.64.

**IT IS FURTHER ORDERED** that the net compromised amount deposited and interest, if any, in each of said minor's blocked bank accounts shall be automatically unblocked without further order of this Court upon the attainment of Andre Feagins' 18th birthday on July 24, 2021, to make use of such funds on deposit as he shall see fit, and that the net compromised amount deposited and interest, if any, shall be automatically unblocked without further order of this Court upon the attainment of Jonathan Feagins' 18th birthday on January 18, 2024, to make use of such funds on deposit as he shall see fit.

**IT IS FURTHER ORDERED** that Joshua Feagins, having attained the age of majority on his 18th birthday on January 5, 2020, renders moot this Court's consideration of the petition to compromise of his former claim as a minor.  Therefore, the Petition with respect to Joshua Feagins is hereby **DENIED**.

Dated this  9   day of March, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT